# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-685V
Filed: June 11, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * <br> DAVID BLACK, <br> <br> Petitioner, <br> v. <br> <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br> <br> Respondent. <br> * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED <br> <br> Special Master <br> Hamilton-Fieldman <br> <br> Petitioner's Motion to Dismiss Petition; <br> Insufficient Proof of Causation; Vaccine Act <br> Entitlement; Denial Without Hearing. |

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Ryan Pyles, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 11, 2012, David Black ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §300aa-10, *et seq.* (2006),[2] alleging that he suffered from a neurological demyelinating injury as a result of receiving the influenza vaccination on October 19, 2009. Petition ("Pet.") at 1, ECF No. 1. The information in the record does not show entitlement to an award under the Program.

On May 6, 2014, the undersigned held a fact-hearing in this case to determine the onset of Petitioner's symptoms. After the hearing concluded, the undersigned issued an oral ruling

---

[1] The undersigned intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107 347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." In the absence of such motion, the entire decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2006).

1

from the bench, determining that Petitioner experienced the onset of his injury one day prior to the administration of his influenza vaccination. Order Ruling on Findings of Fact at 2-3, ECF No. 32.

On June 10, 2014, Petitioner moved for a decision dismissing the petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury"-i.e., an injury falling within the Vaccine Injury Table- corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13 (a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting Petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master